UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                      :    13 Civ. 7863 (DLC)
AVRA SURGICAL, INC.,                  :
                                      :    OPINION AND ORDER
                Plaintiff,            :    ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
      -v-                             :
                                      :
DUALIS MEDTECH GmbH and THOMAS SCHMID, :
as Managing Director,                 :
                                      :
                Defendants.           :
                                      :
------------------------------------- X

APPEARANCES

For the Plaintiff:

Jared B. Stamell
Andrew R. Goldenberg
Stamell & Schager, LLP
One Liberty Plaza, 23rd Floor
New York, NY 10006

For the Defendants:

Jonathan Wallace
Law Offices of Imke Ratschko
30 Broad Street, 14th Floor
New York, NY 10004


DENISE COTE, District Judge:

      This case concerns a dispute arising out of a contract
negotiated between the plaintiff and defendants on one side, and
a third party on the other side.  Plaintiff's counsel, Jared B.
Stamell ("Stamell"), has taken the position that he negotiated
the contract on behalf of both plaintiff and defendants.

Stamell now represents plaintiff, against defendants, in this dispute involving the same contract.

Defendants have moved to disqualify Stamell arguing, <u>inter alia</u>, that he is barred from litigating this case due to his conflict of interest.  For the following reasons, the disqualification request is granted.

BACKGROUND

The following facts are taken from the allegations in the complaint, from judicially noticeable materials, or from the affidavits submitted with Stamell's opposition papers.  These facts are assumed to be true for purposes of the present motion only.

Dualis MedTech GmbH ("Dualis") is based in Germany and owns technology with potential applications in medical devices. HeartWare International Inc. ("HeartWare") is based in Massachusets and is a manufacturer of heart assist devices. AVRA Surgical, Inc. ("Avra") had relationships with both Dualis and HeartWare.

In early 2011, Avra's Chairman, Barry F. Cohen ("Cohen"), put the companies in touch, believing that HeartWare could take advantage of Dualis's technology.  In March 2011, HeartWare agreed to enter into a collaboration agreement with Avra to

license Dualis technology and to employ Dualis to integrate its technology with HeartWare's products. ("Agreement").  Thus, the Agreement involved Avra and Dualis on one side, and HeartWare on the other side.

Stamell was Avra's general counsel.  Thomas Schmid ("Schmid"), the Managing Director of Dualis, agreed that Stamell should negotiate the Agreement on behalf of both Avra and Dualis because Dualis had no lawyers or experience in the United States.

Negotiations between Avra/Dualis and HeartWare over the Agreement lasted until January 2012.  Over the course of these neogiations, Stamell worked closely with both Cohen and Schmid, communicating with them by email, telephone, and in-person. Cohen and Schmid together instructed Stamell on how to proceed.

In January 2012, the Agreement was completed and signed by all parties.  By mid-2013, however, the relationship between Avra and Dualis had broken down.

On or around October 2013, Avra filed this suit against Dualis and Schmid in New York state court, contending that Dualis and Schmid had violated the terms of the Agreement and that Avra was entitled to 50% of Dualis's revenues from the Agreement.  Avra was represented by Stamell.  Dualis and Schmid removed the suit to this Court on November 5.

Two other actions are relevant for present purposes.  On October 10, 2013, Stamell's law firm filed suit against Dualis and Schmid in New York state court, seeking outstanding legal fees from the negotiation of the Agreement.  On February 19, 2014, Stamell's law firm sued Dualis in Massachusetts state court, also seeking outstanding legal fees from the negotiation of the Agreement.

On March 27, 2014, defendants in this action moved to dismiss on multiple grounds and moved to disqualify Stamell on two grounds, including conflict of interest from his prior representation of Dualis.  On April 4, at the initial pretrial conference, it was determined that the conflict issue must be resolved as a threshold issue, and the parties were directed to brief just that issue.  The briefing on the conflict issue was fully submitted on May 12.


DISCUSSION

"The authority of federal courts to disqualify attorneys derives from their inherent power to preserve the integrity of the adversary process."  Hempstead Video, Inc. v. Inc. Vill. of Valley Stream, 409 F.3d 127, 132 (2d Cir. 2005) (citation omitted).  "In deciding whether to disqualify an attorney, a district court must balance a client's right freely to choose

his counsel against the need to maintain the highest standards

of the profession." GSI Commerce Solutions, Inc. v. BabyCenter,

L.L.C., 618 F.3d 204, 209 (2d Cir. 2010) (citation omitted).

Motions to disqualify counsel are subject to strict

scrutiny because of their potential to be used for tactical

purposes. Murray v. Metropolitan Life Ins. Co., 583 F.3d 173,

178 (2d Cir. 2009). "[E]ven when made in the best of faith,

such motions inevitably cause delay" in the litigation. Bd. of

Educ. v. Nyquist, 590 F.2d 1241, 1246 (2d Cir. 1979). As the

Second Circuit has explained:

> [D]isqualification has been ordered only in
> essentially two kinds of cases: (1) where an
> attorney's conflict of interests . . . undermines the
> court's confidence in the vigor of the attorney's
> representation of his client, or more commonly (2)
> where the attorney is at least potentially in a
> position to use privileged information concerning the
> other side through prior representation.

Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 764-65 (2d

Cir. 1990) (citation omitted).

Although "decisions on disqualification motions often

benefit from guidance offered by the American Bar Association

(ABA) and state disciplinary rules, such rules merely provide

general guidance and not every violation of a disciplinary rule

will necessarily lead to disqualification." Hempstead Video,

Inc., 409 F.3d at 132 (citation omitted). Federal courts

5

adjudicating questions involving the ethics of attorneys look to the local rules of professional conduct for guidance.  See, e.g., id. at 133 (relying on a previous version of the New York attorney professional conduct rules); Pierce & Weiss, LLP v. Subrogation Partners LLC, 701 F. Supp. 2d 245, 255-56 (E.D.N.Y. 2010) (relying on the current New York Rules of Professional Conduct in adjudicating an attorney disqualification motion).

New York Rule of Professional Conduct 1.9 ("Rule 1.9") addresses the type of conflict-of-interest question presented here, and can provide guidance.  Rule 1.9 governs an attorney's duties to former clients.  It provides:

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.
>
> (b) Unless the former client gives informed consent, confirmed in writing, a lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client:
>
> > (1) whose interests are materially adverse to that person; and
> >
> > (2) about whom the lawyer had acquired information protected by Rules 1.6 or paragraph (c) of this Rule that is material to the matter.
>
> (c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly

6

represented a client in a matter shall not thereafter:

> (1) use confidential information of the former
> client protected by Rule 1.6 to the disadvantage
> of the former client, except as these Rules would
> permit or require with respect to a current
> client or when the information has become
> generally known; or

> (2) reveal confidential information of the former
> client protected by Rule 1.6 except as these
> Rules would permit or require with respect to a
> current client.

N.Y. Rules of Prof'l Conduct § 1.9.

Rule 1.9(a) squarely governs the present situation and establishes that Stamell may not represent Avra against Dualis. All of the requirements in Rule 1.9(a) are met here. First, Stamell has taken the position -- both in the legal fees litigation in other courts and in his affidavit filed here -- that he represented Dualis in negotiating the Agreement. Second, Stamell now represents Avra in a substantially related matter. This is a contractual dispute between Avra and Dualis arising out the Agreement, i.e., the contract that Stamell negotiated in his prior representation of Dualis. Third, because Avra is suing Dualis, Avra's interests are necessarily materially adverse to those of Daulis. Fourth, there is no written, informed consent, as reflected in Dualis's motion to disqualify Stamell. Finally, the existence of such a direct conflict of interest meets the high bar necessary to grant a

disqualification motion.

Stamell's sole response is to assert, citing older Second Circuit law regarding successive representation, that a lawyer is only prohibited from suing a former client when the lawyer has, or is likely to have, acquired confidential information from the prior client in the course of the prior relationship. Stamell then argues that no confidentiality exists among co-clients, and thus he is not prohibited from suing his former client here.

This response fails for three reasons. First, Stamell relies entirely on Circuit case law discussing Canon 4 of the Code of Professional Responsibility, which New York repealed in 2009 and replaced with the New York Rules of Professional Conduct, which are based on the Model Rules of Professional Conduct. Thus, Rule 1.9(a) informs this inquiry, not the outdated law cited by Stamell.

Second, to the extent that Stamell is arguing that the previous case law's requirement of confidentiality should be read into Rule 1.9(a), such an argument is not supported by the text. Rule 1.9(a) makes no mention of confidentiality. That Rules 1.9(b) and 1.9(c) make reference to confidentiality is strong evidence that its absence in Rule 1.9(a) was an intentional decision by the drafters of the New York Rules of

8

Professional Conduct.

Third, this conclusion is confirmed by the historical understanding of the prohibition against a lawyer suing his former clients.  Stamell's argument assumes that this prohibition reflects solely a lawyer's duty of confidentiality to his clients.  A lawyer also has, however, a duty of loyalty to his clients.  See Tekni-Plex, Inc. v. Meyner & Landis, 674 N.E.2d 663, 666 (N.Y. 1996) ("Attorneys owe fiduciary duties of both confidentiality and loyalty to their clients.").  And this prohibition reflects the duty of loyalty to one's former clients, independent of the duty of confidentiality, as the New York Court of Appeals observed nearly thirty-five years ago:

> The proscription against taking a case against a former client is predicated, however, on more than the possibility of use in the second representation of information confidentially obtained from the former client in the first representation.  The limitation arises simply from the fact that the lawyer, or the firm with which he was then associated, represented the former client in matters related to the subject matter of the second representation.  Accordingly, it is no answer that the lawyer did not in fact obtain any confidential information in connection with the first employment, or even that it was only other members of his firm who rendered the services to the client.  Irrespective of any actual detriment, the first client is entitled to freedom from apprehension and to certainty that his interests will not be prejudiced in consequence of representation of the opposing litigant by the client's former attorney.  The standards of the profession exist for the protection and assurance of the clients and are demanding; an attorney must avoid not only the fact,

9

but even the appearance, of representing conflicting
interests.  With rare and conditional exceptions, the
lawyer may not place himself in a position where a
conflicting interest may, even inadvertently, affect,
or give the appearance of affecting, the obligations
of the professional relationship.

Cardinale v. Golinello, 372 N.E.2d 26, 30 (N.Y. 1977) (citation

omitted); see also Tekni-Plex, 674 N.E.2d at 667 (citing

Cardinale for this proposition).  Thus, it is Stamell's duty of

loyalty that prevents him for representing Avra against Dualis

here, irrespective of any confidentiality concerns.


CONCLUSION

    Defendants' March 27, 2014 motion for disqualification of

Jared B. Stamell is granted.  If a new attorney (who is not part

of the law firm of Jared B. Stamell) does not file a notice of

appearance on behalf of plaintiff by June 14, 2014, the action

will be dismissed without prejudice.  See Pridgen v. Andresen,

113 F.3d 391, 393 (2d Cir. 1997) (holding that a corporation

cannot proceed pro se in federal court).


    SO ORDERED:

Dated:    New York, New York
          May 27, 2014

                    _____
                         DENISE COTE
                    United States District Judge

10